# FOR PUBLICATION

**FILED & ENTERED**

**FEB 08 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:20-bk-11457-WJ |
| DAVID ALLEN CRAMER, | CHAPTER 7 |
| Debtor. | **MEMORANDUM OF DECISION DENYING MOTION TO EXTEND STATUTORY DEADLINES TO FILE COMPLAINTS ASSERTING CLAIMS UNDER 11 U.S.C. §§ 546 & 549** |
| | <u>Hearing</u>:<br>Date:   February 8, 2022<br>Time:  1:00 p.m.<br>Place: United States Bankruptcy Court<br>          Courtroom 304<br>          3420 Twelfth Street<br>          Riverside, CA 92501 |

1    When should a bankruptcy trustee (or debtor-in-possession) assert the doctrine of equitable
2    tolling?  May the trustee invoke the doctrine prior to initiating an adversary proceeding by filing a
3    motion to extend statutory deadlines or must the trustee wait to invoke the doctrine in a future
4    adversary proceeding in defense of a late-filed complaint?  For the following reasons, the court
5    concludes that only the latter is permissible.  Only the latter provides due process of law to the
6    affected parties.

7    In this case, the chapter 7 trustee has been investigating the recovery of assets and
8    considering whether to file avoidance actions.  However, the two-year deadline to file complaints
9    based on claims arising under 11 U.S.C. §§ 546 & 549 is approaching rapidly.  The deadline will
10   pass in the near future.

11   The trustee contends the debtor has been insufficiently responsive with the investigation.
12   Indeed, the discharge of the debtor has already been revoked due to concealment of assets by the
13   debtor.  Therefore, the trustee has filed a motion to extend the two-year statutory deadline to file
14   claims arising under sections 546 & 549.

15   However, no basis in law exists for such a motion.  The Federal Rules of Bankruptcy
16   Procedure contain no rule to extend statutory deadlines such as the ones in sections 546 & 549.  No
17   procedure supports the relief in the current motion. In re Walnut Hill, Inc., 2018 Bankr. LEXIS
18   1589, *2 (Bankr. D.Conn. 2018) (holding that the rules of bankruptcy procedure do not "permit[] a
19   court to extend a time limitation set by Congress in a statute. In re Damach, 235 B.R. 727, 731
20   (Bankr. D.Conn. 1999).").

21   Clearly, in appropriate circumstances, bankruptcy courts have the power to apply the
22   doctrine of equitable tolling to excuse the filing of complaints after statutory deadlines. See, e.g., In
23   re United Insurance Management, Inc., 14 F.3d 1380 (9th Cir. 1994).  However, when should a
24   bankruptcy court do so?  Should it adjudicate the doctrine of equitable tolling in response to an
25   ex parte motion by the trustee prior to the filing of the adversary proceeding or should it do so in
26   the adversary proceeding that the trustee ultimately files?  Fairness and due process require the
27   latter.
28

- 2 -

The trustee has not served the current motion on the targets who he may sue months or years later. He has not done so because he cannot do so. He does not know who they are yet. He has not completed his investigation.[1]

Nevertheless, the trustee seeks at this time an order applying equitable tolling in his favor with respect to any and all future defendants. If the court granted the motion then, when the trustee later files complaints after the statutory deadline, the trustee would inform defendants that they have no opportunity to contest the application of the doctrine of equitable tolling because the court resolved the matter months or years earlier without notice or an opportunity to object by the parties harmed by the court order. The trustee would seek to rely upon the court order as the law of the case which is no longer subject to collateral attack.[2] This is the essential goal of such a motion[3] and, as such, the court cannot approve such a course of action.

The trustee remains free to raise equitable tolling at a later date after filing untimely complaints. At that point, the defendants will have notice and an opportunity to contest the application of the doctrine of equitable tolling. Granting the pending motion would deprive them of that opportunity and that would be fundamentally unfair. Walnut Hill, 2018 Bankr. LEXIS 1589, *5 ("It is wholly premature and procedurally flawed to address equitable tolling outside the context

---

[1] For this reason, cases such as In re Fundamental Long Term Care, Inc., 501 B.R. 784 (Bankr. M.D.Fla. 2013) and Marsh v. Levy (In re Levy), 416 B.R. 1 (Bankr. D.Mass. 2009) are distinguishable. In those cases, the extension motions identified the potential future defendants and the moving parties served the extension motions upon them.

[2] While normally such an argument would have force, it would have a fatal flaw in this instance due to the failure to provide notice to the future defendants. Lack of notice is a basis to challenge a federal court order. Any order issued without proper notice is void at least with respect to the party who never received notice. Hasso v. Mozsgai (In re La Sierra Financial Services, Inc.), 290 B.R. 718 (9th Cir. BAP 2002) (holding that the failure to properly serve a motion rendered the resulting order void); Kaczmarczik v. Van Meter (In re Van Meter), 175 B.R. 64, 67 (9th Cir. BAP 1994) ("A default judgment entered when there has been no proper service of the complaint is void, and should be set aside."); see also, U.S. v. Levoy (In re Levoy), 182 B.R. 827, 833 (9th Cir. BAP 1995) ("A judgment is also void when it is found that there has been defective service of process that is inconsistent with due process of law.").
For this additional reason, the court must deny the motion by the trustee. The motion cannot succeed. Even if the court granted the motion, the resulting order could not bind the very parties against whom the trustee seeks relief (future defendants in adversary proceedings) because the trustee has not served them.

[3] If the trustee had sought a non-binding order at this time, then the motion would have been pointless and could have been denied on that basis alone. In other words, if the trustee did not seek at this time an order that finds that equitable tolling applies in a binding manner in any future adversary proceeding, then there is no point in addressing the issue now. This is yet another reason why the issue can (and should) be decided in the future adversary proceeding.

of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted.").

The court acknowledges that the Eleventh Circuit Court of Appeals did state in <u>IBT Int'l, Inc. v. Northern (In re International Administrative Services)</u>, 408 F.3d 689, 699 (11th Cir. 2005) that "we think a bankruptcy court has the discretion to extend the filing period for an adversary proceeding" by motion in advance of the deadline.  However, this approach deprives future defendants of constitutional due process of law because they receive no notice of the relief in advance and no opportunity to contest whether or not equitable tolling is warranted.  Perhaps for this unstated reason, the Eleventh Circuit proceeded to also find that equitable tolling applied regardless of whether any order had been entered by the bankruptcy court granting a motion to extend the statutory deadline.  <u>Id</u>. at 700-702.  In this court's view, that was the better analysis because it allowed the defendant an opportunity to challenge the application of equitable tolling.  Granting a motion to extend in advance, however, deprives the defendant of that opportunity.

The bankruptcy court decision in <u>In re Walnut Hill, Inc.</u>, 2018 Bankr. LEXIS 1589 (Bankr. D.Conn. 2018) is well reasoned and directly on point.  In that case, the chapter 7 trustee filed a similar motion that the bankruptcy court denied.  The court distinguished <u>International Administrative Services</u> and held that "reaching the issue of equitable tolling is premature and procedurally inappropriate at this time." <u>Id</u>.

Likewise, the decision in <u>In re No. 1 Contracting Corporation</u>, 2012 Bankr. LEXIS 4340 (Bankr. M.D.Pa. 2012) is on point.  The court in that case also faced a request by a chapter 7 trustee to extend the deadline to file avoidance actions but the bankruptcy court rejected the motion and distinguished <u>International Administrative Services</u>.  The court "expressed concern" regarding whether it could "extend the statute with regard to unnamed and unidentified defendants when there was no case or controversy before the Court?" <u>Id</u>. at *2-3.  The court concluded it could not grant such relief and, therefore, denied the motion without prejudice.  The court did not hold that equitable tolling could not apply.  Rather, the court held that it would decide the issue of equitable tolling later if the trustee filed a complaint and the defendant objected based on untimeliness.  This court agrees.

1    To repeat, in denying the trustee's motion, the court does not hold that equitable tolling is inapplicable.  To the contrary, the court makes no ruling regarding whether or not equitable tolling should apply.  If the trustee files a complaint after the statutory deadline and a defendant objects based on timeliness, the trustee may certainly raise the doctrine of equitable tolling.

By denying the motion today, the court merely holds that the trustee cannot win the argument of whether or not equitable tolling applies in advance and without notice and an opportunity for the defendant to resist application of the doctrine.  For this reason such motions cannot be granted.

Finally, not only do the rules and the law not favor granting such motions, equity does not favor them either.  If a bankruptcy trustee has a sufficient basis for application of the doctrine of equitable tolling, then the trustee will prevail later in the adversary proceeding after filing the untimely complaint.  If, on the other hand, a trustee does not have a sufficient basis for application of the doctrine of equitable tolling, the courts should not permit the trustee to avoid the consequences of such a deficiency by obtaining an order applying equitable tolling in advance without notice to the affected party.  The mere act of filing these types of motions tends to suggest that trustees are uncertain whether or not they have a sufficient basis for application of the equitable tolling doctrine and, for this reason, they seek a court order ex parte in advance out of an abundance of caution to eliminate all potential doubt.  For that very reason, bankruptcy courts should not grant such motions that seek to resolve uncertain claims to equitable tolling in favor of trustees.  The unidentified future defendants who have not been served with the current motion are entitled to their day in court.

IT IS SO ORDERED.

###

Date: February 8, 2022

_Wayne Johnson_
Wayne Johnson
United States Bankruptcy Judge